IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
BILLY TYLER,                    )
                                )
          Plaintiff,            )       8:06CV523
                                )
     v.                         )
                                )
AT&T, VERIZON and BELLSOUTH,    )       MEMORANDUM OPINION
                                )
          Defendants.           )
_____)
```

This matter is before the Court on defendant, AT&T Corp.'s ("AT&T") motion to dismiss the amended complaint (Filing No. 4) and its renewal of its motion to dismiss (Filing No. 14), as well as its motion to stay discovery (Filing No. 12); plaintiff Billy Tyler's ("Tyler") recusal motion (Filing No. 6), his summary judgment motion (Filing No. 7), his motion for leave to file an amended complaint (Filing No. 9), his second summary judgment motion (Filing No. 10); and a motion to intervene filed by Jerome Davis (Filing No. 8).  The Court has reviewed the motions, the briefs, the pleadings and the applicable law and makes the following findings.

I.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff.  *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).  The issue in

resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974) (citing *Jenkins*, 395 U.S. at 421-22). Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979); *see also Frey*, 44 F.3d at 671. The Court considers the defendants' motion in light of the foregoing standard.

## II. Discussion

Tyler filed his complaint complaining that the defendants handed his telephone records over to the National

-2-

Security Agency ("NSA").  Tyler asserts that this alleged action by the defendants violated his right to privacy and possibly violated other rights.

A complaint is properly dismissed for failure to state a claim under Rule 12(b)(6) when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327, (1989) (citations omitted).  Here it is clear that no relief could be granted under any set of facts because there are no factual allegations in the Amended Complaint; nor is there any specific claim for relief.  Indeed, Fed. Rule Civ. Pro. 8(a)(2), requires a short and plain statement that provides "fair notice of the plaintiff's claims and the grounds for relief." *Smith v. St. Bernards Reg. Med. Center,* 19 F.3d 1254, 1255 (8th Cir. 1994).  Where this requirement is not satisfied, a dismissal pursuant to Rule 12(b)(6) is appropriate.  *See Meints v. Waldron,* 1997 WL 1048336 (D. Neb.) *2 n. 1 (citing 5 Charles A Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1203 (2d. ed. 1990).  Thus, while a *pro se* complaint is to be liberally construed, "[i]n light of plainttiff['s] plain failure to plead supporting facts, it is axiomatic that the complaint does not state a claim upon which relief may be granted, even under the most liberal standards."  *Id.*

-3-

While plaintiff invokes several amendments to the United States Constitution, the Nebraska Constitution, and several statutes, he does not specify a cause of action except to allege the "violation[] of our Rights." Moreover, Tyler does not allege a single fact that would support any claims arising under any constitutional or statutory provision. Tyler does not even allege that he was a subscriber to any telecommunications services offered by any of the defendants. Thus, under any standard, the Amended Complaint in this case cannot be read to state a cause of action and will be dismissed. All other pending motions will be denied as moot. An order will be entered this day in accordance with this memorandum opinion.

DATED this 30th day of August, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court